1   BINGHAM MCCUTCHEN LLP
    James G. Snell (SBN 173070)
2   james.snell@bingham.com
    Heather L. Shook (SBN 268716)
3   heather.shook@bingham.com
    1117 S. California Avenue
4   Palo Alto, CA 94304-1106
    Telephone: 650.849.4400
5   Facsimile: 650.849.4800

6
    Attorneys for Defendants
7   Quicken Loans, Inc.

8                   UNITED STATES DISTRICT COURT

9                   NORTHEN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

                          CV 11        4955
11

12  WAYNE BUDER, on behalf of himself and      Case No.
    all others similarly situated,
13                                             **NOTICE OF REMOVAL OF ACTION
                    Plaintiff,                 PURSUANT TO 28 U.S.C. §§ 1332, 1441,
14                                             1446 & 1453 (DIVERSITY)**
            v.
15
    QUICKEN LOANS, INC., a California
16  corporation, and DOES 1 through 100,
    inclusive,
17
                                               Complaint filed:  September 6, 2011
18                  Defendants.

19

20

21

22

23

24

25

26

27

28

                          NOTICE OF REMOVAL

1   **PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 &

2   1453, Defendant Quicken Loans, Inc. ("Quicken Loans") removes the state court action

3   described below (the "Action") from the Superior Court of California, County of Marin, to the

4   United States District Court for the Northern District of California.[1]  Quicken Loans removes

5   this Action on the ground that the United States District Court for the Northern District of

6   California (the "Court") has original jurisdiction over the Action pursuant to 28 U.S.C. § 1332(a)

7   and 28 U.S.C. § 1332(d)(2).

8   **SUMMARY**

9        1.     This Court has original jurisdiction over this Action because "the matter in

10  controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between

11  . . . citizens of different States." 28 U.S.C. § 1332(a).  This Court also has original jurisdiction

12  over the Action because "the matter or sum in controversy exceeds the sum or value of

13  $5,000,000, exclusive of interests and costs, and is a class action in which any member of a class

14  of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

15  Accordingly, Quicken Loans removes this Action to the Court pursuant to 28 U.S.C. § 1441(a)

16  because Quicken Loans is not a citizen of the same state as Plaintiff Wayne Buder ("Plaintiff" or

17  "Buder"), and Plaintiff's Complaint alleges an amount in controversy in excess of the

18  jurisdictional minimum.

19  **THE REMOVED STATE COURT ACTION**

20       2.     On September 6, 2011, Plaintiff filed a complaint captioned *Wayne Buder,*

21  *on behalf of himself and all others similarly situated v. Quicken Loans, Inc., et al.*, Case No.

22  1104412, in the Superior Court of California, County of Marin (the "Complaint").

23       3.     On September 9, 2011, Plaintiff's process server allegedly effected service

24  of the Summons and Complaint on Defendant Quicken Loans through CT Corporation System.

25  Neither Defendant nor its agent for service of process received the Summons and Complaint

26

27  [1] Quicken Loans appears for the purpose of removal only and for no other purpose, and does not
    waive, and expressly preserves, all rights, claims and defenses of any nature whatsoever,
    including, without limitation, all defenses relating to service of process, jurisdiction, venue and
28  arbitrability.

2

NOTICE OF REMOVAL

1   earlier than September 9, 2011.

2         4.     In the Complaint, Plaintiff Buder, on behalf of himself and a putative class

3   comprised of "[a]ll residents of the State of California who answered telephone calls from

4   Defendants," brings claims against Defendant Quicken Loans and 100 unidentified "Doe"

5   defendants for alleged violations of California Penal Code sections 632 and 632.7. Complaint ¶¶

6   6-8, 21, 33-43. Plaintiff alleges on information and belief that Quicken Loans intentionally

7   recorded "at least ten" outbound telephone communications with Buder, without obtaining

8   Buder's consent, and that Defendant Quicken Loans routinely records outbound telephone calls

9   with persons in California without their consent. *Id.* ¶¶ 16-20. On behalf of himself and the

10   putative class, Plaintiff seeks statutory damages of $5,000 for each such alleged violation of the

11   Penal Code (*i.e.*, each telephone call recorded without the consent of all parties), as well as

12   injunctive relief, costs of suit, and attorneys' fees and costs. *Id.* ¶¶ 26, 38, 43, Prayer for Relief.

13         5.     Defendant Quicken Loans' time to respond to the Summons and

14   Complaint by answer, demurrer, or motion has not expired and Defendant Quickens Loans has

15   not served or filed an answer or motion or otherwise appeared in response to the Complaint.

16                                   **JURISDICTION**

17         6.     The United States District Court for the Northern District of California has

18   jurisdiction over this Action under 18 U.S.C. § 1332 based on diversity jurisdiction and pursuant

19   to 28 U.S.C. § 1441.

20                       **INTRADISTRICT ASSIGNMENT**

21         7.     The Northern District of California, San Francisco Division, is the proper

22   location because the Action allegedly arose in the County of Marin. Complaint ¶ 14; Civil Local

23   Rule 3-2(d).

24           **GROUNDS FOR REMOVAL – DIVERSITY JURISDICTION**

25         8.     The state court Action is properly removable to this Court pursuant to 28

26   U.S.C. § 1441(a) because the district court had "original jurisdiction" over the matter, and all

27   other procedural requirements have been met. This Court had original jurisdiction pursuant to 28

28

NOTICE OF REMOVAL

1   U.S.C. § 1332(a) in that it is a civil action between citizens of different states in which the

2   amount in controversy exceeds the sum of $75,000 per plaintiff, exclusive of interest and costs.

3           9.      This Court also had original jurisdiction pursuant to 28 U.S.C. §

4   1332(d)(2), which vests district courts with "original jurisdiction of any civil action in which the

5   matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs,

6   and is a class action in which any member of the plaintiff class is a citizen of a state different

7   from any defendant."

8   **I.      The Parties' Citizenship**

9           10.     There is complete diversity of citizenship here because the operative

10  parties, Plaintiff and Defendant, are citizens of different states at the time of this Notice of

11  Removal, and were at the time the Action was commenced in state court.

12          11.     Plaintiff Buder is currently, and was at the time of filing the Complaint, a

13  citizen and resident of Marin County in the State of California. Complaint ¶ 6. In a standard

14  class action matter, only the citizenship of the representative plaintiff is considered for diversity

15  purposes.[2] *See Snyder v. Harris*, 394 U.S. 332, 339-40 (1969).

16          12.     As Plaintiff alleges, at the time the Complaint was filed and presently,

17  Defendant Quicken Loans is incorporated in Michigan, and has its principal place of business in

18  Michigan. Complaint ¶ 7; *see also* Removal Notice Exhibit B, Declaration of Ed Olepa, ¶ 3.

19  Corporations are "deemed to be a citizen of any State by which it has been incorporated and of

20  the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). Defendant

21  Quicken Loans is therefore a citizen of the State of Michigan.

22          13.     The citizenship of the Doe defendants is disregarded for removal

23  purposes. 28 U.S.C. § 1441(a). Therefore, there is complete diversity of citizenship here.

24

25

26

27  ---
    [2] For class actions filed on behalf of at least 100 putative class members seeking at least
    $5,000,000 in the aggregate, exclusive of interest and costs, diversity of citizenship between any
    class member (not just the representative plaintiff) and any defendant suffices to establish the
28  original jurisdiction of the Court. 28 U.S.C. § 1332(d)(2).

NOTICE OF REMOVAL

## II.   The Amount In Controversy

14.   Where, as here, the plaintiff fails to plead a specific amount of damages, the defendant seeking removal must prove only that it is "more likely than not" that the amount in controversy requirement is met. *Abrego Abrego v. The Dow Chemical Co.,* 443 F.3d 676, 683 (9th Cir. 2006) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). In these situations, a Court looks beyond the complaint to "consider facts in the removal petition." *Id.* at 690 (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)); *see also Lowdermilk v. US Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007) ("[W]here a plaintiff 'seeks no specific amount in damages,' [] a court is forced to look beyond the complaint to determine whether the suit meets the jurisdictional requirements.").

15.   Quicken Loans does not concede that any proposed class member is owed in excess of $75,000 or any amount whatsoever, but the facts alleged in the Complaint make clear that the amount "in controversy" as to the named Plaintiff exceeds $75,000, exclusive of interest and costs.

16.   Plaintiff alleges that Quicken Loans violated California Penal Code sections 632 and 632.7 on "at least 10" occasions as to him alone, and further alleges that Quicken Loans violated Penal Code sections 632 and 632.7 in additional telephone calls that Quicken Loans placed with "[a]ll residents of the State of California who answered" the calls. Complaint ¶¶ 16-20, 21. Plaintiff seeks to recover, on behalf of the putative class, $5,000 for each violation experienced by putative class members, as well as injunctive relief, costs of suit, and attorneys' fees and costs. *Id.* ¶¶ 38, 43, Prayer for Relief.

17.   The amount "in controversy" as to Plaintiff Buder, under Plaintiff's theory of recovery, exceeds $75,000. Plaintiff has alleged Quicken Loans made "at least ten" telephone calls that Plaintiff answered, and Quicken Loans' records show more than 20 answered outbound telephone calls to Plaintiff. Complaint ¶ 17; Removal Notice Exhibit B, Declaration of Ed Olepa. ¶ 4. Because Plaintiff alleges that each answered outbound telephone call violated the Penal Code and alleges $5,000 in damages per violation, twenty calls would constitute at least

5

1    $100,000 in damages, thereby exceeding the jurisdictional threshold of $75,000 (20 alleged

2    violations of the Penal Code multiplied by $5,000 per alleged violation). Even if other putative

3    class members were deemed to have claims that did not meet the $75,000 amount in controversy

4    threshold, the Court can and should exercise supplemental jurisdiction over those claims at this

5    time, as they are alleged to be "so related to [Plaintiff Buder's] claims in the action . . . [as to]

6    form part of the same case or controversy under Article III of the United States Constitution." 28

7    U.S.C. § 1367(a).

8            18.     Alternatively, Quicken Loans does not concede that this Action may be

9    maintained as a class action or that the proposed class in the aggregate is owed in excess of

10   $5,000,000 or any amount whatsoever, but the facts alleged in the Complaint make clear that the

11   amount "in controversy" as to the aggregate claims of the putative class exceeds $5,000,000,

12   exclusive of interest and costs.

13            19.     Plaintiff describes the class as "so numerous that individual joinder of all

14   its members is impracticable," though Plaintiff refuses to identify a specific number of class

15   members. Complaint ¶ 28. Based on its own records, Quicken Loans has been able to identify

16   that it placed more than 1,000 outbound calls that were answered to telephone numbers with

17   California area codes, and to more than 150 persons. Removal Notice Exhibit B, Ed Olepa ¶ 5.

18   Therefore, under Plaintiff's theory of the case and taking Plaintiff's allegations as true only for

19   the purposes of this Removal Notice, there would be more than 100 putative class members as

20   required under CAFA. Further, Plaintiff alleges that "each of the calls [Quicken Loans] made"

21   was surreptitiously recorded, and therefore each call constituted a violation of the California

22   Penal Code and $5,000 in statutory damages. Complaint ¶¶ 16-20, 37 & 42. If each of the more

23   than 1,000 identified calls violated the Penal Code, then the amount "in controversy" would

24   already exceed $5,000,000 (alleged violations of the Penal Code multiplied by $5,000 per

25   alleged violation), according to Plaintiff's allegations. This amount does not take into account

26   the availability of attorneys' fees, which Plaintiff seeks (Complaint ¶¶ 37 & 42), and which

27   should be included in the "amount in controversy" for purposes of Removal. *See, e.g.,*

28

NOTICE OF REMOVAL

1     *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (upholding denial of

2     remand motion where district court added attorneys' fees to determine amount in controversy).

3     **NON-WAIVER OF DEFENSES**

4              20.     Quicken Loans expressly reserves all of its defenses.  By removing this

5     Action to this Court, Quicken Loans does not waive any rights or defenses available under federal or

6     state law.  Quicken Loans expressly reserves the right to move for dismissal of Plaintiff's Complaint

7     pursuant to Rule 12 of the Federal Rules of Civil Procedure.  Nothing in this Notice of Removal

8     should be taken as an admission that Plaintiff's allegations are sufficient to state a claim or have any

9     substantive merit.

10     **COMPLIANCE WITH PROCEDURAL REQUIREMENTS**

11             21.     Pursuant to 28 U.S.C. § 1446(a), attached as Exhibit A are true and correct

12     copies of all process, pleadings, and orders which have been received by Defendant Quicken

13     Loans in this Action.

14             22.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within

15     30 days of service on Defendant of the pleading and process upon which this Action is based,

16     and is therefore timely.

17             23.     Pursuant to 28 U.S.C. § 1446(d), Quicken Loans will promptly provide

18     written notice of the removal of this Action to Plaintiff, through their attorney of record, and to

19     the Superior Court of California for the County of Marin.

20             24.     Pursuant to Fed. R. Civ. P. 5(d), Quicken Loans will file with this Court a

21     Certificate of Service of Notice of Removal to Federal Court.

22

23

24

25

26

27

28

7

1    WHEREFORE, Defendant Quicken Loans respectfully requests that the Action be

2  removed to this Court.

3

4  DATED:  October 6, 2011                        Respectfully submitted,

5                                                 BINGHAM McCUTCHEN LLP

6

7                                         By:  _____
                                                     James G. Snell
8                                                 Attorneys for Defendant
                                                  QUICKEN LOANS, INC.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL

EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
09/09/2011
CT Log Number 519129408

**TO:**    George Popofski
Quicken Loans Inc.
1050 Woodward Ave.
Detroit, MI 48226

**RE:**    **Process Served in California**

**FOR:**   Quicken Loans Inc. (Domestic State: MI)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Wayne Buder, on behalf of himself and all others similarly situated, Pltfs. vs. Quicken Loans Inc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Jury Demand, Attachment(s), Notice(s), Cover Sheet, Cover Sheet Addendum, Stipulation Form(s), Application and Proposed Order, Statement Form, Notice Form(s), Proof of Service Form, Information Form |
| **COURT/AGENCY:** | Marin County - Superior Court - San Rafael, CA<br>Case # CV1104412 |
| **NATURE OF ACTION:** | Class Action - Unfair Business Practices - Dft. calculated the tax rate for refund purposes based on the legislatively mandated lower sales tax rate when it should have based the refund on full refund of the purchase prise |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/09/2011 at 17:18 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service - File written response // 01/27/12 at 9:00 a.m. - Case Management Conference |
| **ATTORNEY(S) / SENDER(S):** | Daniel L. Warshaw<br>Pearson, Simon, Warshaw & Penny, LLP<br>15165 Ventura Boulevard, Suite 400<br>Sherman Oaks, CA 91403<br>818-788-8300 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/10/2011, Expected Purge Date: 09/15/2011<br>Image SOP<br>Email Notification, George Popofski georgepopofski@quickenloans.com<br>Email Notification, Andy Lusk andrewlusk@quickenloans.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**SUMMONS**
**(CITATION JUDICIAL)**

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
QUICKEN LOANS, INC., a California corporation;
and DOES 1 through 100, inclusive

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**

SEP 0 6 2011

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: T. Fraguero, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
WAYNE BUDER, on behalf of himself and all others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN<br>3501 Civic Center Drive<br>Hall of Justice, Room 113<br>San Rafael, California 94903 | CASE NUMBER:<br>*(Número del Caso):*<br>**1104412** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
DANIEL L. WARSHAW (SBN 185365)          (818) 788-8300          (818) 788-8104
PEARSON, SIMON, WARSHAW & PENNY, LLP
15165 Ventura Boulevard
Sherman Oaks, California 91403

DATE:          SEP 0 6 2011          Clerk, by     KIM TURNER          , Deputy
*(Fecha)*                          *(Secretario)*   T. FRAGUERO          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* QUICKEN LOANS, INC., A CALIFORNIA CORPORATION

   under:  ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 7/9/11

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Legal
Solutions
Plus

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465



FILED

SEP 0 6 2011

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: T. Fraguero, Deputy

1  CLIFFORD H. PEARSON (Bar No. 108523)
   DANIEL L. WARSHAW (Bar No. 185365)
2  BOBBY POUYA (Bar No. 245527)
   **PEARSON, SIMON, WARSHAW & PENNY, LLP**
3  15165 Ventura Boulevard, Suite 400
   Sherman Oaks, California 91403
4  Telephone: (818) 788-8300
   Facsimile: (818) 788-8104
5
   GEORGE S. TREVOR (Bar No. 127875)
6  **PEARSON, SIMON, WARSHAW & PENNY, LLP**
   44 Montgomery Street, Suite 2450
7  San Francisco, California 94104
   Telephone: (415) 433-9000
8  Facsimile: (415) 433-9008
9  RICHARD B. WENTZ (Bar No. 120380)
   JEAN M. WENTZ (Bar No. 139340)
10 **THE WENTZ LAW FIRM**
   2955 East Hillcrest Drive, Suite 123
11 Thousand Oaks, CA 91362
   Telephone: (805) 374-0060
12 Facsimile: (888) 855-8124
13 Attorneys for Plaintiff Wayne Buder, on behalf of
   himself and all others similarly situated
14
15            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
16                         **COUNTY OF MARIN**
17 WAYNE BUDER, on behalf of himself and all    CASE NO. civ **1 1 0 4 4 1 2**
   others similarly situated,
18                                               **CLASS ACTION**
                 Plaintiff,
19                                               **COMPLAINT FOR:**
          vs.
20                                               1.    **VIOLATION OF PENAL CODE**
   QUICKEN LOANS, INC., a California                  **§ 632; and**
21 corporation; and DOES 1 through 100,          2.    **VIOLATION OF PENAL CODE**
   inclusive,                                          **§ 632.7**
22
                 Defendants.
23
24
25
26
27
28

830232.1

15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

PEARSON, SIMON, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1    Plaintiff Wayne Buder, individually and on behalf of the proposed Class described below,

2 by his attorneys, makes the following allegations based upon information and belief, except as to

3 allegations specifically pertaining to Plaintiff and his counsel, which are based on personal

4 knowledge:

5                                          **NATURE OF ACTION**

6    1.      This is a class action by Plaintiff Wayne Buder ("Plaintiff"), on behalf of himself

7 and all others similarly situated, against Defendants Quicken Loans, Inc., and DOES 1 through

8 100 ("Defendant" or "Defendants") arising out of Defendants' policy and practice of secretly

9 recording telephone calls with persons located in California without their consent.

10    2.      Defendants' policy and practice of surreptitiously recording telephone calls violates

11 California Penal Code Sections 632 ("Section 632") and 632.7 ("Section 632.7").

12    3.      Section 632 prohibits the recording of confidential communications made by

13 telephone without the consent of all parties to the communication.  Section 632.7 prohibits the

14 recording of any communication without the consent of all parties where one of the parties to the

15 communication is using a cellular or cordless telephone.

16    4.      Plaintiff brings this action seeking statutory damages pursuant to California Penal

17 Code Section 637.2 ("Section 637.2").

18    5.      Plaintiff brings this class action against Defendants on behalf of himself as well as

19 on behalf of all residents of the State of California who answered telephone calls from Defendants

20 ("Class").

21                                          **THE PARTIES**

22    6.      Plaintiff Wayne Buder is an individual who, during all relevant times, resided in

23 Marin County, State of California.

24    7.      Defendant Quicken Loans, Inc. is a Michigan Corporation, with its principal place

25 of business in Detroit, Michigan.

26    8.      Plaintiff is currently ignorant of the true names and capacities, whether individual,

27 corporate, associate, or otherwise, of the Defendants sued herein under the fictitious names DOES

28 1 through 100, inclusive, and therefore, sues such Defendants by such fictitious names.  Plaintiff

830232.1

2

1    will amend this complaint to allege the true names and capacities of said fictitiously named

2    Defendants when their true names and capacities have been ascertained. Plaintiff is informed and

3    believes and thereon alleges that each of the fictitiously named DOE Defendants are legally

4    responsible in some manner for the events and occurrences alleged herein, and for the damages

5    suffered by Plaintiff and the Class. Each reference in this complaint to "Defendants," "Defendant"

6    or a specifically named defendant refers also to all Defendants sued under fictitious names.

7         9.    Plaintiff is informed and believes and thereon alleges that all Defendants, including

8    the fictitious DOE Defendants, were at all relevant times acting as actual agents, conspirators,

9    ostensible agents, partners and/or joint venturers and employees of all other Defendants, and that

10    all acts alleged herein occurred within the course and scope of said agency, employment,

11    partnership, joint venture, conspiracy and/or enterprise, and with the express and/or implied

12    permission, knowledge, consent, authorization and ratification of their Co-Defendants.

13         10.    Plaintiff is further informed and believes and thereon alleges that Defendants are

14    alter-egos of each other. Plaintiff is informed and believes and thereon alleges that there is

15    common control over Defendants, and they operate pursuant to a common business plan. There is

16    unity of interest among Defendants.

17         11.    The alternative alter-ego relationship among the Defendants should be recognized

18    to prevent an injustice. If the alter-ego relationship among Defendants is not recognized, an

19    inequity will result because an entity responsible for wrongdoing will be shielded from liability.

20    Moreover, the Co-Defendant entities which make, in whole or in part, the decisions would escape

21    liability, which is inequitable. Furthermore, the alter-ego relationship should be recognized to

22    ensure effective injunctive and declaratory relief, so that the wrongful practices alleged herein are

23    not relocated to an affiliated company.

24         12.    All allegations in this complaint are based on information and belief and/or are

25    likely to have evidentiary support after a reasonable opportunity for further investigation or

26    discovery. Whenever allegations in this complaint are contrary or inconsistent, such allegations

27    shall be deemed alternative.

28

830232.1

PEARSON, SIMON, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

PEARSON, SIMON, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

**JURISDICTION AND VENUE**

13.     This Court has jurisdiction over the entire action by virtue of the fact that this is a civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of the Court. The events giving rise to the causes of action alleged herein occurred in the State of California, as the acts and omissions complained of in this action took place, in whole or in part, in the State of California.

14.     Venue is proper in this County because Defendants transact business within the County of Marin, and record telephone calls with persons located within this County, including calls made to Plaintiff.

**FACTUAL ALLEGATIONS**

15.     Defendant Quicken Loans, Inc. is a nationwide residential mortgage lender. Each of the transactions and communications between Defendants and consumers arise out of and relate to personal financial information, wherein the circumstances reasonably indicate that the recipients desire the communication be confined to the parties thereto.

16.     Plaintiff is informed and believes and thereon alleges that during the class period Defendants effectuated a policy whereby they routinely record all outbound calls with persons in California. In so doing, Defendants do not disclose that such calls are being recorded or otherwise obtain permission to record the calls from such persons located in California.

17.     Between approximately March 2011 through July 2011, Plaintiff received and answered at least ten (10) telephone calls from Defendants concerning Plaintiff's efforts to obtain a home loan. Plaintiff answered these calls on a combination of cellular phones, cordless phones and landlines.

18.     Plaintiff is informed and believes and thereon alleges that Defendants recorded each of the calls they made to Plaintiff.

19.     Defendants did not request Plaintiff's consent to record the telephone calls, nor did Defendants inform Plaintiff that the telephone calls would be recorded.

20.     At the time of the subject telephone calls, Plaintiff was not aware that Defendants were recording the telephone calls, nor did Plaintiff consent to the recording of the calls.

830232.1
4

**CLASS ALLEGATIONS**

1

2          21.     Plaintiff brings this action on his own behalf and on behalf of all persons similarly

3     situated pursuant to Code of Civil Procedure § 382. Plaintiff seeks to represent the following

4     class:

5                    All residents of the State of California who answered telephone calls

6                    from Defendants.

7          22.     Excluded from the class are governmental entities, Defendants, any entity in which

8     Defendants have a controlling interest, and Defendants' officers, directors, affiliates, legal

9     representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded

10    from the class is any judge, justice, or judicial officer presiding over this matter and the members

11    of their immediate families and judicial staff. Plaintiff reserves the right to modify the class

12    description and the class period based on the results of discovery.

13         23.     Typicality: Plaintiff's claims are typical of the claims of the Class. Plaintiff is a

14    member of the Class he seeks to represent. Plaintiff and all members of the Class have been

15    similarly affected by Defendants' common course of conduct since every class member's

16    telephone call initiated by Defendants was recorded without each Class members' consent.

17    Members of the class are ascertainable from Plaintiff's description of the class and/or Defendants'

18    records and/or records of third parties accessible through discovery.

19         24.     Adequacy of Representation: Plaintiff will fairly and adequately represent and

20    protect the interests of the Class and has no interest which is antagonistic to the claims of the class.

21    Plaintiff's interest in this action is antagonistic to the interests of Defendants, and he will

22    vigorously pursue the claims of the Class. Plaintiff has retained counsel with substantial

23    experience in handling complex and class action litigation. Plaintiff and his counsel are

24    committed to vigorously prosecuting this action on behalf of the Class and have the financial

25    resources to do so. Plaintiff has retained law firms that are recognized, successful, and effective

26    class action firms. Neither Plaintiff nor his counsel have any interests adverse to those of the

27    Class.

28         25.     Common questions of law and fact impact the rights of each member of the class

PEARSON, SIMON, WARSHAW & PENNY, LLP
15155 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1 and a common remedy by way of permissible damages and/or injunctive relief is sought for the
2 class.

3     26.   Common Questions of Law and Fact Predominate: There are many questions of
4 law and fact common to the representative Plaintiff and the Class, and those questions
5 substantially predominate over any questions that may affect individual Class members. Common
6 questions of fact and law include, but are not limited to, the following:

7         a.    Whether Defendants' recording of telephone calls violates Section 632;
8         b.    Whether Defendants' recording of telephone calls violates Section 632.7;
9         c.    Whether Defendants are liable for statutory damages under Section 637.2;
10           and
11         d.    Whether Plaintiff and the Class are entitled to injunctive relief.

12     27.   Superiority of a Class Action: Plaintiff and the members of the Class suffered, and
13 will continue to suffer, harm as a result of Defendants' unlawful and wrongful conduct. A class
14 action is superior to other available methods for the fair and efficient adjudication of the present
15 controversy. Individual joinder of all members of the class is impracticable. Even if individual
16 class members had the resources to pursue individual litigation, it would be unduly burdensome to
17 the courts in which the individual litigation would proceed. Individual litigation magnifies the
18 delay and expense to all parties in the court system of resolving the controversies engendered by
19 Defendants' common course of conduct. The class action device allows a single court to provide
20 the benefits of unitary adjudication, judicial economy, and the fair and efficient handling of all
21 class members' claims in a single forum. The conduct of this action as a class action conserves
22 the resources of the parties and of the judicial system and protects the rights of the class members.
23 There is no plain, speedy or adequate remedy other than by maintenance of this class action
24 because damage to each member of the class is relatively small, making it economically unfeasible
25 to pursue remedies other than by way of a class action. Furthermore, for many, if not most, a class
26 action is the only feasible mechanism that allows an opportunity for legal redress and justice.

27     28.   Numerosity: The proposed Class is so numerous that individual joinder of all its
28 members is impracticable. Due to the nature of the trade and commerce involved, Plaintiff

830232.1

6

COMPLAINT

1  believes that the members of the Class are geographically dispersed across California. While the
2  exact number and identities of the Class members are unknown at this time, such information can
3  be ascertained through appropriate investigation and discovery. The disposition of the claims of
4  the Class members in a single class action will provide substantial benefits to all parties and to the
5  Court.

6      29.  Adjudication of individual Class members' claims with respect to the Defendants
7  would, as a practical matter, be dispositive of the interests of other members not parties to the
8  adjudication, and could substantially impair or impede the ability of other Class members to
9  protect their interests.

10      30.  Plaintiff knows of no difficulty that will be encountered in the management of this
11  litigation that would preclude its maintenance as a class action. The identities of the Class are
12  known by Defendants and can be determined from Defendants' records.

13      31.  Defendants have acted on grounds generally applicable to the entire Class, thereby
14  making final injunctive relief or corresponding declaratory relief appropriate with respect to the
15  Class as a whole. Prosecution of separate actions by individual members of the Class would
16  create the risk of inconsistent or varying adjudications with respect to individual members of the
17  class that would establish incompatible standards of conduct for the Defendants.

18      32.  Without a class action, Defendants will not compensate class members for their
19  invasion of their privacy and will continue a course of action which will result in further harm to
20  Plaintiff and the Class.

21                      **FIRST CAUSE OF ACTION**

22            **VIOLATION OF PENAL CODE SECTION 632**

23      **(By Plaintiff and the Class against Defendants and DOES 1 through 100)**

24      33.  Plaintiff re-alleges and incorporates by reference the allegations contained in the
25  preceding paragraphs of this complaint as though fully set forth herein.

26      34.  California Penal Code Section 632 prohibits the intentional recording of a
27  confidential communication without the consent of all parties to the communication. Defendants
28  have violated Section 632 in their telephone communications with Plaintiff and the Class.

830232.1

7

COMPLAINT

PEARSON, SIMON, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1 │ Defendants, as a standard business practice, have intentionally recorded confidential

2 │ communications with Plaintiff and other Class members alike while they were located in

3 │ California, without obtaining their consent.

4 │     35.     These telephone communications have all been confidential in nature within the

5 │ meaning of Section 632 because Plaintiff and the Class had an objectively reasonable expectation

6 │ that their conversations were not being overheard or recorded. The existence of a reasonable

7 │ expectation of privacy is supported by the fact that Defendants did not inform Plaintiff and Class

8 │ members who were located in California that their calls were being recorded, nor did they seek to

9 │ obtain their consent to record. Moreover, the reasonable expectation of Plaintiff and the Class is

10 │ further supported by the fact that the Defendants' calls pertained to personal and financial

11 │ information.

12 │     36.     Defendants intentionally recorded the telephone conversations of Plaintiff and the

13 │ Class in violation of Penal Code Section 632.

14 │     37.     California Penal Code Section 637.2 permits a civil action for violation of Section

15 │ 632, authorizing an award of $5,000 for each violation as well as injunctive relief. Plaintiff and

16 │ the Class are entitled to these remedies, and to attorneys' fees pursuant to Cal. Code Civ. Proc.

17 │ § 1021.5 or other applicable statute, as this lawsuit seeks the enforcement of an important right

18 │ affecting the public interest and satisfies the statutory requirements for an award of attorneys' fees

19 │ thereunder.

20 │     38.     As a direct result of Defendants' conduct, Plaintiff and the Class have sustained

21 │ and will continue to sustain injury and are entitled to statutory damages and injunctive relief to be

22 │ determined at trial.

23 │ **SECOND CAUSE OF ACTION**

24 │ **VIOLATION OF PENAL CODE SECTION 632.7**

25 │ **(By Plaintiff and the Class against Defendants and DOES 1 through 100)**

26 │     39.     Plaintiff re-alleges and incorporates by reference the allegations contained in the

27 │ preceding paragraphs of this complaint as though fully set forth herein.

28 │     40.     California Penal Code Section 632.7 prohibits the intentional recording of any

830232.1

8

PEARSON, SIMON, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1   communication without the consent of all parties where one of the parties to the communication is

2   using a cellular or cordless telephone. Defendants have violated Section 632.7 in its telephone

3   communications with Plaintiff and the Class. Defendants, as a standard business practice, have

4   intentionally recorded communications with Plaintiff and the Class, while located in California

5   and using cellular or cordless telephones, without obtaining their consent.

6        41.    Defendants intentionally recorded the cellular and/or cordless telephone

7   conversations of Plaintiff and the Class in violation of Penal Code Section 632.7.

8        42.    California Penal Code Section 637.2 permits a civil action for violation of Section

9   632.7, authorizing an award of $5,000 for each violation as well as injunctive relief. Plaintiff and

10  the Class are entitled to these remedies, and to attorneys' fees pursuant to Cal. Code Civ. Proc.

11  § 1021.5 or other applicable statute, as this lawsuit seeks the enforcement of an important right

12  affecting the public interest and satisfies the statutory requirements for an award of attorneys' fees

13  thereunder.

14       43.    As a direct result of Defendants' conduct, Plaintiff and the Class have sustained

15  and will continue to sustain injury and are entitled to statutory damages and injunctive relief to be

16  determined at trial.

17                                **PRAYER FOR RELIEF**

18       WHEREFORE, Plaintiff and the Class pray for judgment against Defendants as follows:

19       1.     Certification of the Class and notice thereto to be paid by Defendants;

20       2.     Appointment of Plaintiff as Class Representative and his counsel of record as Class

21  Counsel;

22       3.     Award statutory damages to the extent permitted by law to Plaintiff and each Class

23  member in the sum of $5,000 for each incident in which a telephone conversation of Plaintiff and

24  each Class member was eavesdropped, recorded or published, pursuant to Cal. Penal Code § 637,

25  et seq.;

26       4.     For appropriate injunctive relief;

27       5.     For reasonable attorneys' fees and costs;

28       6.     For costs of suit herein; and

PEARSON, SIMON, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1    7.    As to all causes of action, any and all such other and further relief that this Court

2   may deem just and proper.

3   DATED: September ⅟, 2011          **PEARSON, SIMON, WARSHAW & PENNY, LLP**
                                      CLIFFORD H. PEARSON
4                                     DANIEL L. WARSHAW
                                      BOBBY POUYA
5                                     GEORGE S. TREVOR

6                                     **THE WENTZ LAW FIRM**
                                      RICHARD B. WENTZ
7                                     JEAN M. WENTZ

8

9                                     By: _____
                                              DANIEL L. WARSHAW
10                                    Attorneys for Plaintiff Wayne Buder, on behalf of
                                      himself and all others similarly situated

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1    **DEMAND FOR JURY TRIAL**

2    Plaintiff hereby demands a trial by jury of all claims and causes of action in this lawsuit.

3    DATED: September _2_, 2011          **PEARSON, SIMON, WARSHAW & PENNY, LLP**
                                          CLIFFORD H. PEARSON
4                                         DANIEL L. WARSHAW
                                          BOBBY POUYA
5                                         GEORGE S. TREVOR

6                                         **THE WENTZ LAW FIRM**
                                          RICHARD B. WENTZ, ESQ.
7                                         JEAN M. WENTZ, ESQ.

8
9                                         By: _____
                                                  DANIEL L. WARSHAW
10                                        Attorneys for Plaintiff Wayne Buder, on behalf of
                                          himself and all others similarly situated

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

830232.1                          11
                              COMPLAINT

CM-010

| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):* | **FOR COURT USE ONLY** |
|---|---|
| DANIEL L. WARSHAW  (SBN 185365)<br>PEARSON, SIMON, WARSHAW & PENNY, LLP<br>15165 Ventura Boulevard<br>Suite 400<br>Sherman Oaks, California 91403<br>TELEPHONE NO.: (818) 788-8300    FAX NO.: (818) 788-8104<br>ATTORNEY FOR *(Name)*: Plaintiff WAYNE BUDER | RECEIVED<br>MARIN COUNTY<br>SUPERIOR COURT<br><br>2011 SEP -6  A 10: 5 |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN**
STREET ADDRESS: 3501 Civic Center Drive
MAILING ADDRESS: Hall of Justice, Room 113
CITY AND ZIP CODE: San Rafael, California 94903
BRANCH NAME:

CASE NAME:    WAYNE BUDER v. QUICKEN LOANS, INC.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: **1104412** |
|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: *Dufgue*<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | *(Cal. Rules of Court, rules 3.400–3.403)* |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Construction defect (10) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [X] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is   [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify)*: 2
5. This case [X] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:  September 1, 2011
DANIEL L. WARSHAW  (SBN 185365)                                    ▶ *Daniel Warshaw*
_____                      _____
(TYPE OR PRINT NAME)                                                            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | *Legal Solutions Plus* | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

**SUPERIOR COURT OF CALIFORNIA**
**County of Marin**
P.O. Box 4988
San Rafael, CA 94913-4988

FILED

SEP 0 6 2011

**KIM TURNER**
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: T. Fraguero, Deputy

| PLAINTIFF: Wayne Buder | CASE NO. CIV 11 04412 |
|---|---|
| vs. | **NOTICE OF CASE MANAGEMENT CONFERENCE (CIVIL)** |
| DEFENDANT: Quicken Loans, Inc | |

This case is subject to the Trial Court Delay Reduction Act, Government Code § 68600 et seq., and Civil Rules of the Uniform Local Rules of the Marin County Superior Court (hereafter MCSC Civil Rules).

Pursuant to California Rules of Court 3.734, this case is assigned to Judge _Dufiee_, Department _L_. This assignment is for all purposes.

MCSC Civil Rule 1.18 and CRC 3.110(b) and 3.221(c) requires that the Summons and Complaint, a copy of this notice, a blank Case Management Conference Statement form, and an ADR information package be served and that Proof of Service be filed within 60 days of the filing date of this Complaint. CRC 3.110(d) requires that defendants file responsive pleadings within 30 days of service, unless the parties stipulate to an extension of not more than 15 days.

1. IT IS ORDERED that the parties/counsel to this action shall:

   a. Comply with the filing and service deadlines in MCSC Civil Rules 1.18 and CRC 3.110, or APPEAR IN PERSON at the Order to Show Cause hearing on the dates set forth below:

   Hearing on Failure to File Proof of Service _11 / 17 / 11_ 8:30 / 9:00 A.M.

   Hearing on Failure to Answer _12 / 19 / 11_ 8:30 / 9:00 A.M.

   b. Appear for a Case Management Conference on _1 / 27 / 12_ 8:30 / 9:00 A.M.

2. Telephonic appearance at Case Management Conference may be available by contacting COURT CALL, an independent vendor, not less than 5 court days before the hearing date. Parties may make arrangements by calling (888) 882-6878. This service is subject to charges by the vendor.

3. You must be familiar with the case and be fully prepared to discuss the suitability of the case for binding or non-binding arbitration, mediation, or neutral case evaluation. **Counsel must discuss ADR options with their clients prior to attending the CMC** and should be prepared to discuss with the court their authority to participate in ADR.

4. Case Management Conference Statements must be filed and served on all parties, including the Court, at least 15 calendar days before the CMC (CRC 3.725). **(A $49.00 sanction will be charged for late filing of a statement.)**

   **Case Management Statement must be filed by** _1 / 12 / 12_

5. All Law and Motion matters will be heard on the calendar of the assigned Judge. Tentative Rulings are available online by 2:00 p.m. on the weekday preceding the hearing date at *http://www.marincourt.org/civil_tentative.htm.* If you need to make other arrangements, please call (415) 444-7170.

**SUPERIOR COURT OF CALIFORNIA**
**County of Marin**
3501 Civic Center Drive
P.O. Box 4988
San Rafael, CA 94913-4988

## NOTICE TO PLAINTIFFS

### CIVIL TRIAL DELAY REDUCTION PROGRAM
### REQUIRES PROCEDURES AND TIME LINES TO BE MET

PRE-PRINTED PACKET FEE      $1.00

You must serve the following documents, which you will receive from the Court Clerk's office, with the complaint, on all other parties:

- A copy of this letter
- A copy of the Notice of Case Management Conference
- Stipulation to Use of Alternative Dispute Resolution Process
- Ex-Parte Application for Extension of Time to Serve Pleading and Orders
- Case Management Statement
- Notice of Stay of Proceedings
- Notice of Termination or Modification of Stay
- Notice of Settlement of Entire Case
- Statement of Agreement or Nonagreement
- ADR Information Sheet

This service must be accomplished and *Proof of Service* must be filed within 60 days of the filing of the complaint.

The Case Management Conference will be held approximately 140 days from the filing of the Complaint. The exact date and judge assignment is indicated on the form you received in the Clerk's office when you filed your complaint.

Failure to comply with the program rules may result in the imposition of sanctions and will in each instance result in the issuance of an order that you show cause why you have not complied.

Examples of Alternative Dispute Resolution (ADR) procedures offered in Marin County include:

- Binding and non-binding arbitration
- Mediation
- Neutral case evaluation

It is important that you review these programs with your client. It will increase the possibility of your client's case being resolved at an early, and less expensive, stage of the proceedings. All judges in the civil trial delay reduction program are supportive of the use of alternative dispute resolution programs and are available to meet with you and the other parties prior to your Case Management Conference to assist in selecting the most appropriate resolution mechanism for your case.

**You are required to complete and return the ADR Information Form, ADR-100 or ADR-101, within 10 days of the resolution of the dispute.**

**Telephonic appearances at Case Management Conference may be available by contacting COURT CALL, an independent vendor, not less than 5 court days prior to the hearing date. Parties may make arrangements by calling (888) 882-6878. This service is subject to charges by the vendor.**

| CV006 | CIVIL TRIAL DELAY PACKET COVER SHEET<br>(Optional Form) | Rev. 7/11 |
|---|---|---|

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address and telephone #):* | FOR COURT USE ONLY |
|---|---|
| STATE BAR NO:<br>ATTORNEY FOR *(Name):* | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN<br>3501 Civic Center Drive<br>P.O. Box 4988<br>San Rafael, CA 94913-4988 | |
| **STIPULATION TO USE OF<br>ALTERNATIVE DISPUTE RESOLUTION PROCESS** | CASE NUMBER: |

The parties to the above action have stipulated that this case be submitted for Alternative Dispute Resolution to be decided at the Case Management Conference.

Dated _____

Attorney For _____

_____

Dated _____

Attorney For _____

_____

CM-020

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:     FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
    STREET ADDRESS:
    MAILING ADDRESS:
    CITY AND ZIP CODE:
    BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE PLEADING  AND ☐  ORDER EXTENDING TIME TO SERVE AND ☐ ORDER CONTINUING CASE MANAGEMENT CONFERENCE** | CASE NUMBER: |
|---|---|
| **Note: This ex parte application will be considered without a personal appearance. (See Cal. Rules of Court, rule 3.1207(2).)** | HEARING DATE: <br> DEPT.:         TIME: |

1. Applicant (name):
   is
   a. ☐  plaintiff
   b. ☐  cross-complainant
   c. ☐  petitioner
   d. ☐  defendant
   e. ☐  cross-defendant
   f. ☐  respondent
   g. ☐  other (describe):

2. The complaint or other initial pleading in this action was filed on (date):

3. Applicant requests that the court grant an order extending time for service of the following pleading:

   a. ☐  Complaint
   b. ☐  Cross-complaint
   c. ☐  Petition
   d. ☐  Answer or other responsive pleading
   e. ☐  Other (describe):

4. Service and filing of the pleading listed in item 3 is presently required to be completed by (date):

5. Previous applications, orders, or stipulations for an extension of time to serve and file in this action are:

   a. ☐  None
   b. ☐  The following (describe all, including the length of any previous extensions):

6. Applicant requests an extension of time to serve and file the pleading listed in item 3 on the following parties (name each):

| Form Approved for Optional Use <br> Judicial Council of California <br> CM-020 [Rev. January 1, 2009] | **EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE PLEADING AND ORDERS** | Cal. Rules of Court, <br> rules 3.110, 3.1200–3.1207 <br> www.courtinfo.ca.gov <br> American LegalNet, Inc. <br> www.FormsWorkflow.com |
|---|---|---|

CM-020

| CASE NAME: | CASE NUMBER: |
|---|---|
| | |

7. The pleading has not yet been filed and served on the parties listed in Item 6 for the following reasons *(describe the efforts that have been made to serve the pleading and why service has not been completed):*

☐ Continued on Attachment 7.

8. An extension of time to serve and file the pleading should be granted for the following reasons:

☐ Continued on Attachment 8.

9. If an extension of time is granted, filing and service on the parties listed in Item 6 will be completed by *(date):*

10. Notice of this application under rules 3.1200–3.1207 ☐ has been provided as required *(describe all parties or counsel to whom notice was given; the date, time, and manner of giving notice; what the parties or counsel were told and their responses; and whether opposition is expected)* or ☐ is not required *(state reasons):*

☐ Continued on Attachment 10.

11. Number of pages attached: _____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

| _____ | _____ |
|---|---|
| (TYPE OR PRINT NAME OF APPLICANT OR ATTORNEY FOR APPLICANT) | (SIGNATURE OF APPLICANT OR ATTORNEY FOR APPLICANT) |

Order on Application is ☐ below ☐ on a separate document.

## ORDER

1. The application for an order extending time to serve and file the pleading is ☐ granted ☐ denied.

2. The pleading must be served and filed no later than *(date):*

3. ☐ The case management conference is rescheduled to:

   a. Date:

   b. Time:

   c. Place:

4. Other orders:

5. A copy of this application and order must be served on all parties or their counsel that have appeared in the case.

Date:

_____
JUDICIAL OFFICER

| CM-020 [Rev. January 1, 2008] | **EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE PLEADING AND ORDERS** | Page 2 of 2 |
|---|---|---|

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| **(Check one):** ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

**A CASE MANAGEMENT CONFERENCE is scheduled as follows:**

Date:      Time:      Dept.:      Div.:      Room:

Address of court (if different from the address above):

☐ Notice of Intent to Appear by Telephone, by (name):

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (name):
   b. ☐ This statement is submitted jointly by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date):
   b. ☐ The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served (specify names and explain why not):

      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):

      (3) ☐ have had a default entered against them (specify names):

   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and date by which they may be served):

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint (Describe, including causes of action):

| Form Adopted for Mandatory Use Judicial Council of California CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court, rules 3.720–3.730 www.courts.ca.gov |
|---|---|---|

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
   The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a. ☐ days *(specify number):*
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:          f. Fax number:
   e. E-mail address:             g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
    a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

    (1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

    (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

    b. **Referral to judicial arbitration or civil action mediation (if available).**
    (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

    (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

    (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110 [Rev. July 1, 2011]          **CASE MANAGEMENT STATEMENT**          Page 2 of 5

CM-110

| PLAINTIFF/PETITIONER: | | E NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form are willing to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ▭ | ▭ Mediation session not yet scheduled<br>▭ Mediation session scheduled for *(date):*<br>▭ Agreed to complete mediation by *(date):*<br>▭ Mediation completed on *(date):* |
| (2) Settlement conference | ▭ | ▭ Settlement conference not yet scheduled<br>▭ Settlement conference scheduled for *(date):*<br>▭ Agreed to complete settlement conference by *(date):*<br>▭ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ▭ | ▭ Neutral evaluation not yet scheduled<br>▭ Neutral evaluation scheduled for *(date):*<br>▭ Agreed to complete neutral evaluation by *(date):*<br>▭ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ▭ | ▭ Judicial arbitration not yet scheduled<br>▭ Judicial arbitration scheduled for *(date):*<br>▭ Agreed to complete judicial arbitration by *(date):*<br>▭ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ▭ | ▭ Private arbitration not yet scheduled<br>▭ Private arbitration scheduled for *(date):*<br>▭ Agreed to complete private arbitration by *(date):*<br>▭ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ▭ | ▭ ADR session not yet scheduled<br>▭ ADR session scheduled for *(date):*<br>▭ Agreed to complete ADR session by *(date):*<br>▭ ADR completed on *(date):* |

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Page 3 of 5

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
b. Reservation of rights: ☐ Yes ☐ No
c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
☐ Bankruptcy ☐ Other *(specify):*
Status:

**13. Related cases, consolidation, and coordination**
a. ☐ There are companion, underlying, or related cases.
 (1) Name of case:
 (2) Name of court:
 (3) Case number:
 (4) Status:
☐ Additional cases are described in Attachment 13a.
b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
a. ☐ The party or parties have completed all discovery.
b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| | | |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**20.** Total number of pages attached *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

▶

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY)

▶

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

CM-180

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:           FAX NO. *(Optional)*: <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **NOTICE OF STAY OF PROCEEDINGS** | CASE NUMBER: |
|---|---|
| | JUDGE: |
| | DEPT.: |

**To the court and to all parties:**

1. Declarant *(name)*:

    a. ☐ is ☐ the party ☐ the attorney for the party who requested or caused the stay.

    b. ☐ is ☐ the plaintiff or petitioner ☐ the attorney for the plaintiff or petitioner. The party who requested the stay has not appeared in this case or is not subject to the jurisdiction of this court.

2. This case is stayed as follows:

    a. ☐ With regard to all parties.

    b. ☐ With regard to the following parties *(specify by name and party designation):*

3. Reason for the stay:

    a. ☐ Automatic stay caused by a filing in another court. *(Attach a copy of the Notice of Commencement of Case, the bankruptcy petition, or other document showing that the stay is in effect, and showing the court, case number, debtor, and petitioners.)*

    b. ☐ Order of a federal court or of a higher California court. *(Attach a copy of the court order.)*

    c. ☐ Contractual arbitration under Code of Civil Procedure section 1281.4. *(Attach a copy of the order directing arbitration.)*

    d. ☐ Arbitration of attorney fees and costs under Business and Professions Code section 6201. *(Attach a copy of the client's request for arbitration showing filing and service.)*

    e. ☐ Other:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____
(TYPE OR PRINT NAME OF DECLARANT)

_____
(SIGNATURE)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
CM-180 [Rev. January 1, 2007]

**NOTICE OF STAY OF PROCEEDINGS**

Cal. Rules of Court, rule 3.650
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

**CM-181**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:  FAX NO. *(Optional)*: | |
| E-MAIL ADDRESS *(Optional)*: | |
| ATTORNEY FOR *(Name)*: | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF | |
|---|---|
| STREET ADDRESS: | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: | |
| BRANCH NAME: | |

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | DEPT.: |
| **NOTICE OF TERMINATION OR MODIFICATION OF STAY** | JUDICIAL OFFICER: |

**To the court and all parties:**

1. A *Notice of Stay of Proceedings* was filed in this matter on *(date):*

2. Declarant named below is

     a. ☐ the party ☐ the attorney for the party who requested or caused the stay.

     b. ☐ other *(describe):*

3. ☐ The stay described in the above referenced *Notice of Stay of Proceedings*

     a. ☐ has been vacated by an order of another court. *(Attach a copy of the court order.)*

     b. ☐ is no longer in effect.

4. ☐ The stay has been modified *(describe):*

5. The stay has been vacated, is no longer in effect, or has been modified

     a. ☐ with regard to all parties.

     b. ☐ with regard to the following parties *(specify by name and party designation):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____  ▶  _____

(TYPE OR PRINT NAME OF DECLARANT)       (SIGNATURE OF DECLARANT)

Form Adopted for Mandatory Use
Judicial Council of California
CM-181 [Rev. January 1, 2007]

**NOTICE OF TERMINATION OR MODIFICATION OF STAY**

Cal. Rules of Court, rule 3.650
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-181

| PLAINTIFF: | CASE NUMBER: |
|---|---|
| DEFENDANT: | |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF TERMINATION OR MODIFICATION OF STAY

*(NOTE: You cannot serve the Notice of Termination or Modification of Stay if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. I am at least 18 years old and not a party to this action. I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2. I served a copy of the *Notice of Termination or Modification of Stay* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*
   a. ☐ deposited the sealed envelope with the United States Postal Service.
   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Termination or Modification of Stay* was mailed:
   a. on *(date):*
   b. from *(city and state):*

4. The envelope was addressed and mailed as follows:
   a. Name of person served:

       Street address:
       City:
       State and zip code:

   b. Name of person served:

       Street address:
       City:
       State and zip code:

   c. Name of person served:

       Street address:
       City:
       State and zip code:

   d. Name of person served:

       Street address:
       City:
       State and zip code:

   ☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____
(TYPE OR PRINT NAME OF DECLARANT)

_____
(SIGNATURE OF DECLARANT)

**CM-200**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br><br>TELEPHONE NO.:               FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | FOR COURT USE ONLY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| | |
|---|---|
| **NOTICE OF SETTLEMENT OF ENTIRE CASE** | CASE NUMBER: |
| | JUDGE: |
| | DEPT.: |

---

### NOTICE TO PLAINTIFF OR OTHER PARTY SEEKING RELIEF

You must file a request for dismissal of the entire case within 45 days after the date of the settlement if the settlement is **unconditional**. You must file a dismissal of the entire case within 45 days after the date specified in item 1b below if the settlement is **conditional**. Unless you file a dismissal within the required time or have shown good cause before the time for dismissal has expired why the case should not be dismissed, the court will dismiss the entire case.

---

**To the court, all parties, and any arbitrator or other court-connected ADR neutral involved in this case:**

1. This entire case has been settled. The settlement is:

   a. ☐ **Unconditional.** A request for dismissal will be filed within 45 days after the date of the settlement.
   Date of settlement:

   b. ☐ **Conditional.** The settlement agreement conditions dismissal of this matter on the satisfactory completion of specified terms that are not to be performed within 45 days of the date of the settlement. A request for dismissal will be filed no later than *(date)*:

2. Date initial pleading filed:

3. Next scheduled hearing or conference:

   a. Purpose:

   b. ☐ (1) Date:

        (2) Time:

        (3) Department:

4. Trial date:

   a. ☐ No trial date set.

   b. ☐ (1) Date:

        (2) Time:

        (3) Department:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

| | | |
|---|---|---|
| (TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY) | | (SIGNATURE) |

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-200 (Rev. January 1, 2007)

**NOTICE OF SETTLEMENT OF ENTIRE CASE**

Cal. Rules of Court, rule 3.1385
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-200

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF SETTLEMENT OF ENTIRE CASE

*(NOTE: You cannot serve the Notice of Settlement of Entire Case if you are a party in the action. The person who served the notice must complete this proof of service.)*

1.  I am at least 18 years old and not a party to this action. I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2.  I served a copy of the *Notice of Settlement of Entire Case* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*
    a. ☐  deposited the sealed envelope with the United States Postal Service.
    b. ☐  placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3.  The *Notice of Settlement of Entire Case* was mailed:
    a.  on *(date):*
    b.  from *(city and state):*

4.  The envelope was addressed and mailed as follows:
    a. Name of person served:             c. Name of person served:

       Street address:                        Street address:
       City:                                  City:
       State and zip code:                    State and zip code:

    b. Name of person served:             d. Name of person served:

       Street address:                        Street address:
       City:                                  City:
       State and zip code:                    State and zip code:

    ☐  Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

5.  Number of pages attached _____.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____          _____
(TYPE OR PRINT NAME OF DECLARANT)                 (SIGNATURE OF DECLARANT)

ADR-100

| | FOR COURT USE ONLY |
|---|---|
| MEDIATOR (Name and Address): | |
| TELEPHONE NO.: FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

CASE NAME:

| STATEMENT OF AGREEMENT OR NONAGREEMENT | CASE NUMBER: |
|---|---|
| ☐ First    ☐ Supplemental | |

**NOTE: This form must be used by mediators in the Civil Action Mediation Program (Code Civ. Proc., § 1775 et seq.) and in the Early Mediation Pilot Program (Code Civ. Proc., § 1730 et seq.).**

1. This case was filed on *(date if known)*:

2. I was selected as the mediator in this matter on *(date)*:

3. Mediation *(check one)*:
   a. ☐ did not take place.
      (1) ☐ A party who was ordered to appear at the mediation did not appear.
      (2) ☐ Other reason *(please specify without disclosing any confidential information)*:


   b. ☐ took place on *(date or dates)*:
      and lasted a total of _____ hours.

4. ☐ The mediation has not ended. I submit this form to comply with the court's requirement to do so by a specified date.

5. The mediation ended *(check one)*:
   a. ☐ in full agreement by all parties on *(date)*:
   b. ☐ in partial agreement
      (1) ☐ in full agreement as to the following parties:
         on *(date)*:
      (2) ☐ in full agreement as to limited issues on *(date)*:
   c. ☐ in nonagreement.

Date:

▶

_____        _____
(TYPE OR PRINT NAME)                  (SIGNATURE OF MEDIATOR)

**NOTE: Within 10 days of the conclusion of the mediation or, when applicable, by the deadline set by the court, the mediator must serve a copy of this statement on all parties and file the original, with proof of service, with the court clerk. The proof of service on the back of this form may be used.**

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
ADR-100 [Rev. January 1, 2003]

**STATEMENT OF AGREEMENT OR NONAGREEMENT**

Code of Civil Procedure, §§ 1739, 1775.9

American LegalNet, Inc.
www.USCourtForms.com

| CASE NAME: | CASE NUMBER: |
|------------|--------------|
|            |              |

## PROOF OF SERVICE
☐ Mail  ☐ Personal Service

1. At the time of service I was at least 18 years of age and not a party to this legal action.

2. My residence or business address is *(specify)*:

3. I mailed or personally delivered a copy of the *Statement of Agreement or Nonagreement* as follows *(complete either a or b)*:
   a. ☐ **Mail.** I am a resident of or employed in the county where the mailing occurred.
      (1) I enclosed a copy in an envelope and
         (a) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.
         (b) ☐ placed the envelope for collection and mailing on the date and at the place shown in items below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.
      (2) The envelope was addressed and mailed as follows:
         (a) Name of person served:
         (b) Address on envelope:

         (c) Date of mailing:
         (d) Place of mailing *(city and state)*:

   b. ☐ **Personal delivery.** I personally delivered a copy as follows:
      (1) Name of person served:
      (2) Address where delivered:

      (3) Date delivered:
      (4) Time delivered:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

**PROOF OF SERVICE FOR
STATEMENT OF AGREEMENT OR NONAGREEMENT**

NAME OF COURT:

# *ADR Information Form*

> *This form should be filled out and returned,*
> *within 10 days of the resolution of the dispute, to:*  ▶

1. Case name: _____ No. _____

2. Type of civil case: ☐ PI/PD-Auto   ☐ PI/PD-Other   ☐ Contract   ☐ Other *(specify):* _____

3. Date complaint filed _____   Date case resolved _____

4. Date of ADR conference _____   5. Number of parties _____

6. Amount in controversy   ☐ $0–$25,000 ☐ $25,000–$50,000 ☐ $50,000–$100,000 ☐ over $100,000 *(specify):*_____

7. ☐ Plaintiff's Attorney   ☐ Cross Complainant's Attorney   8. ☐ Defendant's Attorney   ☐ Cross Defendant's Attorney

| | |
|---|---|
| NAME | NAME |
| ADDRESS | ADDRESS |
| (    ) | (    ) |
| TELEPHONE NUMBER | TELEPHONE NUMBER |

9. Please indicate your relationship to the case:

☐ Plaintiff   ☐ Plaintiff's attorney         ☐ Defendant   ☐ Defendant's attorney
☐ 3rd party defendant   ☐ 3rd party defendant's attorney   ☐ Other *(specify):* _____

10. Dispute resolution process:

☐ Mediation   ☐ Arbitration   ☐ Neutral case evaluation   ☐ Other *(specify):* _____

11. How was case resolved?

a. ☐ As a direct result of the ADR process.
b. ☐ As an indirect result of the ADR process.   c. ☐ Resolution was unrelated to ADR process.

12. Check the closest dollar amount that you estimate you saved (attorneys fees, expert witness fees, and other costs) by using this dispute resolution process compared to resolving this case through litigation, whether by settlement or trial.

☐ $0   ☐ $250   ☐ $500   ☐ $750   ☐ $1,000   ☐ more than $1,000 *(specify):* $ _____

13. If the dispute resolution process caused a net increase in your costs in this case, check the closest dollar amount of the *additional* cost:

☐ $0   ☐ $250   ☐ $500   ☐ $750   ☐ $1,000   ☐ more than $1,000 *(specify):* $ _____

14. Check the closest number of court days that you estimate the court saved (motions, hearings, conferences, trial, etc.) as a result of this case being referred to this dispute resolution process:

☐ 0   ☐ 1 day   ☐ more than 1 day *(specify):* _____

15. If the dispute resolution process caused a net increase in court time for this case, check the closest number of *additional* court days:

☐ 0   ☐ 1 day   ☐ more than 1 day *(specify):* _____

16. Would you be willing to consider using this dispute resolution process again?   ☐ Yes   ☐ No

 CT Corporation

**Service of Process Transmittal**
10/04/2011
CT Log Number 519253597

**TO:** George Popofski
Quicken Loans Inc.
1050 Woodward Ave.
Detroit, MI 48226

**RE:** **Process Served in California**

**FOR:** Quicken Loans Inc. (Domestic State: MI)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Wayne Buder, on behalf of himself and all others similarly situated, Pltfs. vs. Quicken Loans Inc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Letter, Class Action, Proof Of Service |
| **COURT/AGENCY:** | Marin County - Superior Court - San Rafael, CA<br>Case # CV1104412 |
| **NATURE OF ACTION:** | Plaintiff first set of requests for production of documents to Defendant |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 10/04/2011 postmarked on 09/26/2011 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | Daniel L. Warshaw<br>Pearson, Simon, Warshaw & Penny, LLP<br>15165 Ventura Boulevard, Suite 400<br>Sherman Oaks, CA 91403<br>818-788-8300 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/04/2011, Expected Purge Date: 10/09/2011<br>Image SOP<br>Email Notification, George Popofski georgepopofski@quickenloans.com<br>Email Notification, Andy Lusk andrewlusk@quickenloans.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process Transmittal**
10/04/2011
CT Log Number 519253597

**TO:** George Popofski
Quicken Loans Inc.
1050 Woodward Ave.
Detroit, MI 48226

**RE: Process Served in California**

**FOR:** Quicken Loans Inc. (Domestic State: MI)

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| Summons, Complaint, Jury Demand, Attachment(s), Notice(s), Cover Sheet, Cover Sheet Addendum, Stipulation Form(s), Application and Proposed Order, Statement Form, Notice Form(s), Proof of Service Form, Information Form | By Process Server on 09/09/2011 at 17:18 | George Popofski Quicken Loans Inc. | 519129408 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

LAW OFFICES
## PEARSON, SIMON, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403
(818) 788-8300
FAX (818) 788-8104
WWW.PSWPLAW.COM

SAN FRANCISCO OFFICE
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104
(415) 433-9000
FAX (415) 433-9008

WRITER'S DIRECT CONTACT
(818) 205-2818
BPOUYA@PSWPLAW.COM

September 26, 2011

QUICKEN LOANS, INC.
c/o Agent for Service of Process
C T Corporation System
818 West Seventh Street
Los Angeles, CA 90017

Re:   Wayne Buder v. Quicken Loans, Inc.
       Case No.:           CIV1104412
       Our File No.:       5345-00001

Dear Ladies and Gentlemen:

It has come to our attention that the numbering series in plaintiffs' first set of production requests propounded to defendant Quicken Loans, Inc. is erroneous. Enclosed please find a revised version wherein the only change is all requests are now sequentially numbered, which we submit in order to maintain consistent numbering in the responses. This shall not effect the responsive date or constitute service of a new set of requests. Please feel free to contact the undersigned should you have any questions regarding this matter.

Very truly yours,

PEARSON, SIMON, WARSHAW & PENNY, LLP

BOBBY POUYA

BP/nmh
Enclosure
832072.1

1 │ CLIFFORD H. PEARSON (Bar No. 108523)
  │ DANIEL L. WARSHAW (Bar No. 185365)
2 │ BOBBY POUYA (Bar No. 245527)
  │ **PEARSON, SIMON, WARSHAW & PENNY, LLP**
3 │ 15165 Ventura Boulevard, Suite 400
  │ Sherman Oaks, California 91403
4 │ Telephone: (818) 788-8300
  │ Facsimile: (818) 788-8104
5 │
6 │ GEORGE S. TREVOR (Bar No. 127875)
  │ **PEARSON, SIMON, WARSHAW & PENNY, LLP**
7 │ 44 Montgomery Street, Suite 2450
  │ San Francisco, California 94104
  │ Telephone: (415) 433-9000
8 │ Facsimile: (415) 433-9008
9 │ RICHARD B. WENTZ (Bar No. 120380)
  │ JEAN M. WENTZ (Bar No. 139340)
10 │ **THE WENTZ LAW FIRM**
   │ 2955 East Hillcrest Drive, Suite 123
11 │ Thousand Oaks, California 91362
   │ Telephone: (805) 374-0060
12 │ Facsimile: (888) 855-8124
13 │
   │ Attorneys for Plaintiff WAYNE BUDER, on
14 │ behalf of himself and all others similarly situated
15 │

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF MARIN**

| | |
|---|---|
| WAYNE BUDER, on behalf of himself and all others similarly situated, | CASE NO. CIV1104412 |
| Plaintiff, | **CLASS ACTION** |
| vs. | **PLAINTIFF WAYNE BUDER'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT QUICKEN LOANS, INC.** |
| QUICKEN LOANS, INC., a California corporation; and DOES 1 through 100, inclusive, | Assigned to the Honorable Lynne M. Duryee (Dept. L) |
| Defendants. | [Complaint Filed: September 6, 2011] |
| | Trial Date:           None |

*(left margin, vertical)* PEARSON, SIMON, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

831334.1

1  PROPOUNDING PARTY:      PLAINTIFF WAYNE BUDER

2  RESPONDING PARTY:       DEFENDANT QUICKEN LOANS, INC.

3  SET NO.:                ONE

4      TO THE PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:

5      Defendant QUICKEN LOANS, INC. is hereby requested to respond under oath to Plaintiff

6  WAYNE BUDER's First Set of Requests for Production of Documents pursuant to Code of Civil

7  Procedure § 2031.010, *et seq.*

8      The manner of production shall include the copying or photocopying of the requested

9  documents and delivery thereof to the offices of Pearson, Simon, Warshaw & Penny, LLP, 15165

10  Ventura Boulevard, Suite 400, Sherman Oaks, California 91403, on or before the due date for

11  these requests, together with a statement from you certifying that the copy provided is a true,

12  complete and correct copy of each such document(s). Please note that Plaintiffs seek original

13  photographs and negatives. Photocopies of the other DOCUMENTS will be sufficient to comply

14  with this notice to produce.

15                        **DEFINITIONS & INSTRUCTIONS**

16  **A.    DEFINITIONS**

17      The words used in these Requests for description and identification of documents are to be

18  interpreted according to their plain meanings. The following definitions and instructions are

19  provided in the spirit of good faith and cooperation, to assist the Responding Party in assembling

20  documents and preparing responses to each of the Requests for produce hereinafter set forth.

21      1.    As used herein, the terms "DOCUMENT" or "DOCUMENTS" are used in the

22  broadest sense to include all writings as defined by Evidence Code Section 250, meaning

23  handwriting, typewriting, printing, photostatting, photographing, photocopying, transmitting by

24  electronic mail or facsimile, and every other means of recording upon any tangible thing, any form

25  or communication or representation, including letters, words, pictures, sounds, or symbols or

26  combinations thereof, and any record thereby created, regardless of the manner in which the

27  record has been stored and includes writings of any kind, including memoranda, correspondence,

28  handwritten notes or other printed, graphic or recorded or electronically stored matter, however

PEARSON, SIMON, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

831334.1

2

1  produced or reproduced, including working papers, preliminary, intermediate or final drafts,

2  diaries, desk calendars, appointment books, electronic mail messages, and all other writings and

3  recording and ELECTRONICALLY STORED INFORMATION ("ESI") (see definition in

4  paragraph 2 below) of every kind, which are in responding party's actual or constructive

5  possession, custody or control.  Any copies of documents bearing notations or marks not found on

6  the original shall be deemed to be different documents and shall also be produced.

7      2.      "ELECTRONICALLY STORED INFORMATION" ("ESI") has the same full

8  meaning as construed by Code of Civil Procedure §§ 2016.020 and 2031.010(e) and includes,

9  without limitation, the following:

10              a.      activity listings of electronic mail receipts and/or transmittals;

11              b.      output resulting from the use of any software program, including without

12  limitation word processing documents, spreadsheets, database files, charts, graphs and outlines,

13  electronic mail, instant messaging programs; bulletin board programs, operating systems, source

14  code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they

15  reside and regardless of whether such electronic data exist in an active file, deleted file, or file

16  fragment;

17              c.      any and all items stored on computer memories, hard disks, floppy disks,

18  CD-ROM, magnetic tape, microfiche, or on any other vehicle for digital data storage and/or

19  transmittal, including without limitation a personal digital assistant, e.g., Palm Pilot, Blackberry,

20  Treo or other device.

21      3.      The terms "YOU" or "YOUR" refers to the parties upon whom these Requests For

22  Production of Documents are directed, as well as your agents, your employees, your insurance

23  companies, their agents, their employees, your attorneys, your accountants, your investigators, and

24  anyone else acting on your behalf.

25      4.      "PERSON" includes a natural person, firm, association, organization, partnership,

26  business, trust, corporation, or public entity.

27      5.      "IDENTIFY" with respect to a PERSON, shall require YOU to produce documents

28  sufficient to state the person or entity's name, address, telephone number, and title or position if

PEARSON, SIMON, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1  applicable.

2      6.      "IDENTIFY" with respect to or in reference to a lawsuit or any other civil or

3  criminal complaint shall require you to disclose the full case name, pending court (e.g. Los

4  Angeles County Superior Court or Central District of California), case number, date filed, and

5  presiding judge.

6      7.      The terms "TO," "RELATING TO," or "REFER OR RELATE TO" shall mean

7  without limitation all DOCUMENTS relied upon, discussing, describing, reflecting, dealing with,

8  pertaining to, analyzing, evaluating, concerning, mentioning, studying, surveying, projecting,

9  assessing, recording, summarizing, criticizing, reporting, commenting or otherwise involving, in

10  whole or in part the subject matter of the request.

11      8.      The term "PLAINTIFF" or "PLAINTIFFS shall refer to Plaintiff WAYNE

12  BUDER.

13      **B.      INSTRUCTIONS**

14      1.      The use of the singular herein shall be deemed to include the plural. The use of one

15  gender shall be deemed to include all other genders. The use of the conjunction "or" shall be

16  deemed to include the conjunction "and," and vise versa.

17      2.      In producing the DOCUMENTS and things requested herein, the Responding Party

18  shall furnish all DOCUMENTS in the possession, custody, or control of said party's agents and/or

19  representatives, including attorneys and corporate affiliates.

20      3.      If any requested DOCUMENT or thing cannot be produced in full, it shall be

21  produced to the extent possible, indicating what DOCUMENT or portion of DOCUMENTS are

22  being withheld and the reasons why such DOCUMENTS are being withheld.

23      4.      When a request calls for one or more DOCUMENTS as to which YOU would

24  claim a privilege or protection as a ground for non-production, identify each such DOCUMENT

25  and provide the following information:

26          a.      The identities of the author(s), sender(s), recipient(s) of the document and

27  any recipient(s) of copies of the DOCUMENT;

28          b.      The date prepared, or that it bears;

PEARSON, SIMON, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1          c.       The type of format of the DOCUMENT (e.g., letter, memorandum, etc.);

2          d.       Its present location and the identity of the custodian;

3          e.       The subject matter of the DOCUMENT (without revealing the information

4    as to which to privilege or protection is claims);

5          f.       The privilege or protection that YOU would claim precludes its production;

6    and

7          g.       Any additional facts on which YOU would base YOUR claim of privilege

8    or protection.

9          5.       Notwithstanding the assertion of any privilege or objection, any DOCUMENT

10   which contains both privileged or objectionable and non-privileged or non-objectionable

11   information which is responsive to these Requests must be produced with the privileged or

12   objectionable information redacted from the DOCUMENT.

13         6.       Copies of the file tab or label of the file within which a requested DOCUMENT is

14   located shall be produced along with the DOCUMENT found in the file.

15         7.       DOCUMENTS attached to each other should not be separated.

16         8.       DOCUMENTS not otherwise called for by these Requests shall be produced if

17   such DOCUMENTS refer, relate to, or explain the DOCUMENTS which are called for by these

18   Requests or if such DOCUMENTS are attached to DOCUMENTS called for by these Requests

19   and constitute routing slips, transmittal memoranda, letters, comments, evaluations, or similar

20   DOCUMENTS.

21         9.       If the Responding Party is aware that a DOCUMENT or thing, or group of

22   DOCUMENTS or things, once existed, but has been destroyed, the Responding Party is requested

23   to state when the DOCUMENT, group of DOCUMENTS, things, or group of things was

24   destroyed, why it was destroyed, and the circumstances under which it was destroyed.

25         NOTICE IS HEREBY GIVEN that the Propounding Party at the time of trial will move the

26   Court for an order excluding from evidence all tangible or intangible items falling within the scope

27   of this Request for Production of Documents not disclosed or identified in YOUR responses

28   thereto.

PLAINTIFF WAYNE BUDER'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT QUICKEN LOANS, INC.

PEARSON, SIMON, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

PEARSON, SIMON, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1

## REQUESTS FOR PRODUCTION

2 **REQUEST FOR PRODUCTION NO. 1:**

3    All DOCUMENTS RELATING TO or memorializing telephonic communications with

4 PLAINTIFF, including but not limited to call logs and audio recordings.

5 **REQUEST FOR PRODUCTION NO. 2:**

6    All DOCUMENTS RELATING TO or memorializing any non-telephonic communications

7 with PLAINTIFF.

8 **REQUEST FOR PRODUCTION NO. 3:**

9    All contracts or agreements between YOU and PLAINTIFF.

10 **REQUEST FOR PRODUCTION NO. 4:**

11    Exemplars of all contracts or agreements between YOU and PERSONS in the State of

12 California during the ten years prior to the filing of PLAINTIFF'S lawsuit.

13 **REQUEST FOR PRODUCTION NO. 5:**

14    All DOCUMENTS RELATING TO YOUR practices, policies, and/or procedures for

15 recording telephone calls in the State of California, including but not limited to employee

16 handbooks, scripts and training materials.

17 **REQUEST FOR PRODUCTION NO. 6:**

18    All DOCUMENTS RELATING TO YOUR practices, policies, and/or procedures for the

19 handling of telephone calls in the State of California, including but not limited to employee

20 handbooks, scripts and training materials.

21 **REQUEST FOR PRODUCTION NO. 7:**

22    All DOCUMENTS RELATING TO YOUR practices, policies, and/or procedures

23 concerning supervision, monitoring, review or quality assurance of telephone calls in the State of

24 California.

25 **REQUEST FOR PRODUCTION NO. 8:**

26    All DOCUMENTS RELATING TO YOUR practices, policies, and/or procedures

27 concerning the retention of audio recordings of telephone calls with PERSONS in the State of

28 California.

831334.1

PLAINTIFF WAYNE BUDER'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT QUICKEN LOANS, INC.

**1** **REQUEST FOR PRODUCTION NO. 9:**

**2**     All DOCUMENTS RELATING TO YOUR practices, policies, and/or procedures

**3** concerning the retention of records other than audio recordings that reflect or memorialize

**4** telephonic communications in the State of California.

**5** **REQUEST FOR PRODUCTION NO. 10:**

**6**     All DOCUMENTS RELATING TO YOUR practices, policies, and/or procedures

**7** concerning the destruction of audio recordings of telephone calls in the State of California.

**8** **REQUEST FOR PRODUCTION NO. 11:**

**9**     All DOCUMENTS RELATING TO YOUR practices, policies, and/or procedures

**10** concerning the destruction of records other than audio recordings that reflect or memorialize

**11** telephonic communications in the State of California.

**12** **REQUEST FOR PRODUCTION NO. 12:**

**13**     All DOCUMENTS RELATING TO YOUR practices, policies, and/or procedures for

**14** disclosing the recording of telephone calls in the State of California.

**15** **REQUEST FOR PRODUCTION NO. 13:**

**16**     All DOCUMENTS RELATING TO YOUR practices, policies, and/or procedures for

**17** notifying PERSONS in the State of California that their telephone calls with YOU would or could

**18** be recorded.

**19** **REQUEST FOR PRODUCTION NO. 14:**

**20**     All DOCUMENTS RELATING TO YOUR practices, policies, and/or procedures for

**21** complying with California Penal Code Section 632.

**22** **REQUEST FOR PRODUCTION NO. 15:**

**23**     All DOCUMENTS RELATING TO YOUR practices, policies, and/or procedures for

**24** complying with California Penal Code Section 632.7.

**25** **REQUEST FOR PRODUCTION NO. 16:**

**26**     All DOCUMENTS RELATING TO or memorializing the fact that YOU obtained consent

**27** from PERSONS in the State of California that their telephone calls would or could be recorded.

**28**

PEARSON, SIMON, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS RELATING TO YOUR or memorializing the fact that YOU disclosed to PERSONS in the State of California that their telephone calls would or could be recorded.

**REQUEST FOR PRODUCTION NO. 18:**

DOCUMENTS sufficient to determine the number of telephone calls with customers in the State of California YOU recorded in the State of California during the ten years prior to the filing of PLAINTIFF'S lawsuit.

**REQUEST FOR PRODUCTION NO. 19:**

DOCUMENTS sufficient to determine the number of PERSONS in the State of California whose telephone calls YOU recorded during the ten years prior to the filing of PLAINTIFF'S lawsuit.

**REQUEST FOR PRODUCTION NO. 20:**

DOCUMENTS sufficient to IDENTIFY each PERSON in the State of California whose telephone calls YOU recorded during the ten years prior to the filing of PLAINTIFF'S lawsuit.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS RELATING TO any complaints YOU received regarding the recording of calls of PERSONS in the State of California.

**REQUEST FOR PRODUCTION NO. 22:**

DOCUMENTS sufficient to IDENTIFY each PERSON who complained regarding YOUR recording of telephone calls in the State of California.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS RELATING TO any complaints YOU received that YOUR policies practices, policies, and/or procedures for the recording of calls violated California Penal Code § 632.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS RELATING TO any complaints YOU received that YOUR policies practices, policies, and/or procedures for the recording of calls violated  California Penal Code § 632.7.

PEARSON, SIMON, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1 **REQUEST FOR PRODUCTION NO. 25:**

2      All DOCUMENTS RELATING TO any insurance policy which YOU have filed a claim

3 or which may provide a defense or partial or complete indemnification from liability in connection

4 with this lawsuit.

5 **REQUEST FOR PRODUCTION NO. 26:**

6      DOCUMENTS sufficient to IDENTIFY any lawsuit that has been filed against YOU

7 alleging a violation of California Penal Code Section 632.

8 **REQUEST FOR PRODUCTION NO. 27:**

9      DOCUMENTS sufficient to IDENTIFY any lawsuit that has been filed against YOU

10 alleging a violation of California Penal Code Section 632.7.

11 **REQUEST FOR PRODUCTION NO. 28:**

12      DOCUMENTS sufficient to IDENTIFY any criminal complaint that has been filed against

13 YOU alleging a violation of California Penal Code Section 632.

14 **REQUEST FOR PRODUCTION NO. 29:**

15      DOCUMENTS sufficient to IDENTIFY any criminal complaint that has been filed against

16 YOU alleging a violation of California Penal Code Section 632.7.

17 DATED: September 9, 2011          **PEARSON, SIMON, WARSHAW & PENNY, LLP**
                                      CLIFFORD H. PEARSON
18                                    DANIEL L. WARSHAW
                                      GEORGE S. TREVOR
19                                    BOBBY POUYA

20                                    **THE WENTZ LAW FIRM**
                                      RICHARD B. WENTZ
21                                    JEAN M. WENTZ

22

23                                    By: _____
                                           BOBBY POUYA
24                                    Attorneys for Plaintiff WAYNE BUDER, on behalf of
                                      himself and all others similarly situated
25

26

27

28

PEARSON, SIMON, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

831334.1

1 **PROOF OF SERVICE**

2 WAYNE BUDER V. QUICKEN LOANS, INC.

3 Case No. CIV1104412

4 STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

5     I am employed in the County of LOS ANGELES, STATE OF CALIFORNIA. My
business address is 15165 Ventura Boulevard, Suite 400, Sherman Oaks, California 91403. I am
6 over the age of eighteen years and am not a party to the within action;

7     On September 9, 2011, I served the following document(s) entitled **PLAINTIFF WAYNE
BUDER'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO**
8 **DEFENDANT QUICKEN LOANS, INC.** on ALL INTERESTED PARTIES in this action by
placing true copies thereof enclosed in sealed envelopes addressed as follows:
9

| | |
|---|---|
| Richard B. Wentz, Esq. | Counsel for Plaintiff Wayne Buder, on behalf |
| Jean M. Wentz, Esq. | of himself and all others similarly situated |
| THE WENTZ LAW FIRM | |
| 2955 East Hillcrest Drive, Suite 123 | |
| Thousand Oaks, CA 91362 | |
| Telephone: (805) 374-0060 | |
| Facsimile: (888) 855-8124 | |
| | |
| QUICKEN LOANS, INC. | Defendant |
| c/o Agent for Service of Process | |
| C T Corporation System | |
| 818 West Seventh Street | |
| Los Angeles, CA 90017 | |

10
11
12
13
14
15
16

17 **BY MAIL:** By placing a true copy thereof in a sealed envelope addressed as above, and placing it
for and mailing following ordinary business practices. I am readily familiar with the firm's
18 practice of collection and processing correspondence, pleadings and other matters for mailing with
the United States Postal Service. The correspondence, pleadings and other matters are deposited
19 with the United States Postal Service with postage thereon fully prepaid in Sherman Oaks,
California, on the same day in the ordinary course of business. I am aware that on motion of the
20 party served, service is presumed invalid if the postal cancellation date or postage meter date is
more than one day after date of deposit for mailing in affidavit.

21     I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.
22

23     Executed on September 9, 2011, at Sherman Oaks, California.

24                               ( S

25                           Natalie M. Halpern

26
27
28

PEARSON, SIMON, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

831334.1

PLAINTIFF WAYNE BUDER'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT QUICKEN LOANS, INC.



02 1P
0001630594   SEP 26 201
MAILED FROM ZIP CODE 91403

LAW OFFICES
PEARSON, SIMON, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

QUICKEN LOANS, INC.
c/o Agent for Service of Process
C T Corporation System
818 West Seventh Street
Los Angeles, CA 90017

BW5345-0000i

EXHIBIT B

1  BINGHAM MCCUTCHEN LLP
   James G. Snell (SBN 173070)
2  james.snell@bingham.com
3  Heather L. Shook (SBN 268716)
   heather.shook@bingham.com
4  1117 S. California Avenue
   East Palo Alto, CA 94304-1106
5  Telephone: 650.849.4400
6  Facsimile: 650.849.4800

7  Attorneys for Defendants
   Quicken Loans, Inc.

8              UNITED STATES DISTRICT COURT

9            NORTHEN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11

12  WAYNE BUDER, on behalf of himself and        Case No.
    all others similarly situated,
13                                                **DECLARATION OF ED OLEPA IN**
                                                  **SUPPORT OF NOTICE OF REMOVAL**
14              Plaintiff,

15      v.

16  QUICKEN LOANS, INC., a California
    corporation, and DOES 1 through 100,
17  inclusive,

18              Defendants.

19

20

21

22

23

24

25

26

27

28

---

DECLARATION OF ED OLEPA

1    I, Ed Olepa, declare as follows:

2    1.    I am currently employed as a team leader for Quicken Loans, Inc. ("Quicken
3    Loans"). My responsibilities include, but are not limited to, administering and maintaining the
4    telecommunications systems for Quicken Loans and leading a team of employees who perform
5    similar functions.

6    2.    I submit this Declaration in support of Quicken Loans' Notice of Removal, which
7    I understand removes to the United States District Court for the Northern District of California
8    the action commenced in the Superior Court of the State of California for the County of Marin
9    under the caption *Wayne Buder v. Quicken Loans, Inc., et. al.,* Case No. 1104412, filed
10   September 6, 2011.

11   3.    Quicken Loans is incorporated under the laws of Michigan and has its principal
12   place of business in Michigan.

13   4.    Based on my review of Quicken Loans' records maintained in the ordinary course
14   of business, Quicken Loans has placed more than 20 outbound telephone calls to Plaintiff Buder
15   that were longer than 60 seconds. The length of the calls indicates that such calls were answered
16   telephone calls.

17   5.    Based on my review of Quicken Loans' records for 2011 maintained in the
18   ordinary course of business, Quicken Loans has placed more than 1,000 outbound telephone
19   calls to California area codes that were longer than 60 seconds (the length of the call indicating
20   that such calls were answered telephone calls), and has placed such calls to more than 150
21   persons.

22   I declare under penalty of perjury pursuant to the laws of the United States that the
23   foregoing is true and correct.

24

25   Executed this 6th day of October, 2011, at Detroit, Michigan

26

27   _____
     ED OLEPA

28

- 1 -

DECLARATION OF ED OLEPA

1

## PROOF OF SERVICE

2        I am over 18 years of age, not a party to this action and employed in the County

3  of San Francisco, California at Three Embarcadero Center, San Francisco, California 94111-

4  4067. I am readily familiar with the practice of this office for collection and processing of

5  correspondence for mailing with the United States Postal Service and correspondence is

6  deposited with the United States Postal Service that same day in the ordinary course of business.

7        On October 6, 2011, I served the attached:

8

**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28
U.S.C. §§ 1332, 1441, 1446 & 1453 (DIVERSITY)**

9

10

**CIVIL COVER SHEET**

by causing a true and correct copy of the above to be placed in the United States Mail at San

11

Francisco, California in sealed envelope(s) with postage prepaid, addressed as follows:

12

PEARSON, SIMON, WARSHAW & PENNY LLP

13  Clifford H. Pearson (108523)
Daniel L. Warshaw (185365)

14  Bobby Pouya (245527)
15165 Venture Blvd., Suite 400

15  Sherman Oaks, CA 91403
Telephone: 818-788-8300

16  Facsimile: 818-788-8104

17  PEARSON, SIMON, WARSHAW & PENNY

18  George S. Trevor (127875)
44 Montgomery Street, Suite 2450

19  San Francisco, California 94104
Telephone: 415-433-9000

20  Facsimile: 415-433-9008

21  THE WENTZ LAW FIRM
Richard B. Wentz (120380)

22  Jean M. Wentz (139340)
2955 East Hillcrest Drive, Suite 123

23  Thousand Oaks, California 91362
Telephone: 805-374-0060

24  Facsimile: 888-855-8124

25        I declare that I am employed in the office of a member of the bar of this court at

26  whose direction the service was made and that this declaration is executed on October 6, 2011, at

27  San Francisco, California.

28

_____
Jennifer Gray

9

NOTICE OF REMOVAL